**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK GREEN, | ) | CASE NO: 4:07-CV-02028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

On June 9, 2008, Plaintiff, Patrick Green, through his attorney Diane R. Newman, filed a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $4,856.25.[1]  (Doc. No. 22.)  The Commissioner does not object to Plaintiff's motion. (Doc. No. 23.)  For the following reasons, Plaintiff's motion for attorney's fees (Doc. No. 22) is **GRANTED**.

"The [EAJA] requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified."  *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).  It provides, in pertinent part

---

[1]This social security disability case is before the undersigned Magistrate Judge pursuant to the consent of the parties.  (Doc. No. 9.)  On May 7, 2008, the Court vacated the decision of the Commissioner and remanded the case for further proceedings consistent with the Court's opinion.  (Doc. No. 20.)

as follows:

> [A] court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs . . . incurred by that party in any civil
> action . . . including proceedings for judicial review of agency action, brought by
> or against the United States . . . unless the court finds that the position of the
> United States was substantially justified or that special circumstances make an
> award unjust.

28 U.S.C . § 2412(d)(1)(A).  A plaintiff is the "prevailing party" when he or she succeeds on any

significant issue in the litigation resulting in the benefit of a remand.  *See, e.g., Shalala v.

Schaefer*, 509 U.S. 292, 302 (1993).  Here, because judgment was entered in favor of Plaintiff

and the case remanded to the Commissioner, Plaintiff is the "prevailing party."

The phrase "position of the United States" refers to both "the position taken by the

United States in the civil action [and] the action or failure to act by the agency upon which the

civil action is based."  § 2412(d)(2)(D).  The government bears the burden of establishing that

the position of the United States was substantially justified.  *Scarborough v. Principi*, 541 U.S.

401, 414 (2004).  As the Commissioner does not object to Plaintiff's motion, and therefore, does

not establish that the position of the United States was substantially justified, the Court finds that

the position of the United States was not substantially justified.

As the position of the United States was not substantially justified and there are no

special circumstances that make an award of fees unjust, Plaintiff is entitled to reasonable

attorney's fees.  Plaintiff requests $4,856.25 in fees for a total of 29.7 hours billed at an hourly

rate of $162.50 in 2007 and $170.00 in 2008.  The Court finds both the hours billed by counsel

and the hourly rate reasonable.  Accordingly, Plaintiff is entitled to $4,856.25  in attorney's fees.

For the foregoing reasons, Plaintiff's motion for attorney's fees (Doc. No. 22) is

**GRANTED**.  Plaintiff is awarded $4,856.25  in attorney's fees.

**IT IS SO ORDERED**.

/s/ Nancy A. Vecchiarelli
United States Magistrate Judge

Date: July 9, 2008

-3-